IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

      v.

REAL PROPERTY LOCATED AT
20 KASSING DRIVE, FAIRVIEW
HEIGHTS, ST. CLAIR COUNTY,
ILLINOIS, AND ALL ATTACHMENTS,
IMPROVEMENTS, AND
APPURTENANCES THERETO,

Defendant.                                            No. 13-cv-298-DRH-SCW

## MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is claimant Thomas A. LeChien's motion to strike or deny Lennil L. Johnson's "motion/petition verified claim and answer motion/ petition to set aside default judgments/sanctions extraordinary circumstances, bad faith, harassment, flagrant unconstitutionality, or unusual circumstances warranting equitable relief" (Doc. 18).  For the reasons stated below, the motion to strike is **GRANTED**.  Johnson's claim is frivolous (Doc. 14).  Johnson's "motion/ petition verified claim and answer," which the Court construes as a motion to dismiss the complaint (Doc. 16), is **STRICKEN**.  Johnson's remaining motions (Docs. 22 and 23) are **STRICKEN** and alternatively **DENIED with prejudice**.  Johnson is **DIRECTED** to **SHOW CAUSE** by **March 10, 2014**, as to why this Court should

not enter sanctions against him.

## II. Law and Application

On March 22, 2013, the United States filed a complaint for forfeiture of the Real Property Located at 20 Kassing Drive, Fairview Heights, St. Clair County, Illinois (Real Property) (Doc. 2).

Direct notice of the forfeiture action was mailed to claimant Thomas LeChien (LeChien) on May 22, 2013 (Doc. 6). LeChien timely answered the complaint and filed his statement of claim on June 19, 2013 (Docs. 7 and 8). Notice of the forfeiture action was published in the Legal Reporter for three consecutive weeks commencing on August 14, 2013 and ending on August 28, 2013. Notice was also published on www.forfeiture.gov for 30 consecutive days beginning on August 15, 2013, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The publication notice stated that any person asserting an interest in the Real Property must file the claim no later than September 27, 2013 (Docs. 13 and 15).

On December 16, 2013, Johnson filed his "claim" to the Real Property, asserting himself as the lawful owner of the Real Property (Doc. 14). Thereafter, on January 8, 2014, Johnson filed a motion titled, "motion/petition verified claim and answer motion/petition to set aside default judgments/sanctions extraordinary circumstances, bad faith, harassment, flagrant unconstitutionality, or unusual

circumstances warranting equitable relief," which the Court construes as a motion to dismiss the United States' complaint for forfeiture (Doc. 16). Claimant LeChien moves to strike or deny with prejudice Johnson's motion to dismiss (Doc. 18). The United States responds to LeChien's motion to strike and also asks that this Court strike Johnson's purported claim, deny his motion to dismiss, and enter default judgment and sanctions against him (Doc. 20). Johnson additionally moves "to petition set aside default/sanctions" (Doc. 22) and "for immediate federal judicial intervention" (Doc. 23).[1]

First, the Court must note that many of Johnson's assertions to the Court are illegible. However, the gist of his "claim" is this: Deborah Perkins (whose criminal conduct lead to this forfeiture action, *see United States v. Deborah Perkins,* 13-cr-30024-DRH), executed a quitclaim deed to the Real Property to Johnson on August 22, 2003 (Doc. 20-1). Thereafter, "corrupt judicial officials" conspired to declare the deed null and void. Johnson refers to St. Clair County, Illinois, Case No. 03-MR-326.

The relevant state court documents demonstrate the complete frivolity, falsity, and fraudulent nature of Johnson's alleged claim. Thus, this Court will not waste more judicial resources than absolutely necessary in swiftly disposing of Johnson from this action. Johnson's interest in the Real Property was

---

[1] The Court notes that Johnson has filed a 36 page "memorandum of law" in support of his opposition to LeChien's motion to strike (Doc. 21-1). The Court strikes the memorandum as it far exceeds the page limit allowed by the Local Rules of this District. *See* SDIL-LR 7.1.

determined by St. Clair County Judge Ellen Dauber in 2006 (Doc. 18-5). Johnson failed to appear before her and judgment was entered against him. The quitclaim deed executed on August 22, 2003, was declared null and void and of no effect for lack of consideration (*Id.*). Johnson did not appeal the judgment entered against him. Johnson asks that this Court essentially set-aside the state court judgment on the basis of unsubstantiated claims of fraud and corruption. The frivolity of these allegations aside, this Court is without authority to set aside the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic. Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars federal district courts from hearing, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Moreover, even if Johnson had a legitimate claim to the Real Property, which he most certainly does not, such a claim would be untimely.

In summary, the Court has reviewed, to the extent possible, Johnson's pleadings, claimant LeChien's motion to strike, and the responses to Johnson's motions (Docs. 20, 25, and 26). Johnson's claim is frivolous, false, and fraudulent. Johnson has known since 2006 (at the latest) that he does not have a valid interest in the Real Property. Thus, his claim is obviously not warranted by existing law and he has no non-frivolous argument for reversing existing law. His factual contentions do not have evidentiary support and he has needlessly

increased the cost of this litigation. LeChien's motion to strike is **GRANTED** (Doc. 18). Johnson's remaining motions are **STRICKEN** and alternatively **DENIED** with prejudice as they are based on allegations that are frivolous, false, and fraudulent (Docs. 22 and 23).

Finally, the Court shall address the issue of sanctions. As the government points out, 18 U.S.C. § 983(h), provides:

> **(1)** In any civil forfeiture proceeding under a civil forfeiture statute in which the Government prevails, if the court finds that the claimant's assertion of an interest in the property was frivolous, the court may impose a civil fine on the claimant of an amount equal to 10 percent of the value of the forfeited property, but in no event shall the fine be less than $250 or greater than $5,000.
>
> **(2)** Any civil fine imposed under this subsection shall not preclude the court from imposing sanctions under rule 11 of the Federal Rules of Civil Procedure.
>
> **(3)** In addition to the limitations of section 1915 of title 28, United States Code, in no event shall a prisoner file a claim under a civil forfeiture statute or appeal a judgment in a civil action or proceeding based on a civil forfeiture statute if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous or malicious, unless the prisoner shows extraordinary and exceptional circumstances.

18 U.S.C. § 983(h)(1), (2), and (3).

Johnson, who is currently incarcerated in St. Clair County Jail, has had three or more prisoner actions dismissed in this Court on the grounds that they were frivolous. *See, e.g., Johnson v. Churchich*, 94-538-PER (dismissed as frivolous 1/24/95); *Johnson v. Stanley,* 95-507-WDS (dismissed as frivolous

8/7/95); *Johnson v. Washington*, 95-819-PER (dismissed as frivolous 7/11/96).

On the basis of the above, the Court finds that Johnson's assertion of an interest in the property is frivolous, false, fraudulent, and filed in violation of 18 U.S.C. § 983(h). Moreover, on the basis of the above, Johnson's pleadings to the Court are in violation of FEDERAL RULE OF CIVIL PROCEDURE 11(b). Pursuant to Rule 11(c)(3), the Court Orders Johnson to **SHOW CAUSE** on or before **March 10, 2014,** why the Court should not enter monetary sanctions against him. Failure to demonstrate to the Court that Johnson's pleadings are not in violation of Rule 11(b) and 18 U.S.C. § 983(h) shall result in the imposition of monetary sanctions without further notice.

### III. Conclusion

On the basis of all of the above, the Court **GRANTS** claimant LeChien's motion to strike (Doc. 18). Johnson's claim (Doc. 14) is untimely, frivolous, false, fraudulent, and in violation of 18 U.S.C. § 983(h). His motion to dismiss (Doc. 16) is **STRICKEN**. His remaining motions (Docs. 22 and 23) are **STRICKEN** and alternatively **DENIED with prejudice**.[2] Default judgment shall be entered against Johnson at the end of the case. He is to take nothing from this action. Finally, Johnson must **SHOW CAUSE** by **March 10, 2014**, as to why monetary sanctions should not be imposed against him.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.10 14:32:07 -06'00'

**Chief Judge**
**U.S. District Court**

---

[2] Johnson also requests a file-stamped copy of his motion for judicial intervention (Doc. 23), as he was "denied the right to make legal copies at the St. Clair Co. Sheriff Dept." (Doc. 24). Johnson's motion is denied. The undersigned is not in the practice of handing out free copies of documents within the Court's file without a showing of a need for a specific, non-frivolous purpose and indigence, especially when the person seeking a free copy provided the original document to the Court.