IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

     v.

REAL PROPERTY LOCATED AT
20 KASSING DRIVE, FAIRVIEW
HEIGHTS, ST. CLAIR COUNTY,
ILLINOIS, AND ALL ATTACHMENTS,
IMPROVEMENTS, AND
APPURTENANCES THERETO,

Defendant.                             No. 13-cv-298-DRH-SCW

## MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

      This comes before the Court for purposes of case management and in the furtherance of judicial efficiency. On February 10, 2014, this Court determined Lennil L. Johnson's claim to the Real Property at issue (Doc. 14) is untimely, frivolous, false, fraudulent, and in violation of 18 U.S.C. § 983(h). The Court further struck his motion to dismiss (Doc. 16) and struck and alternatively denied with prejudice his remaining motions (Docs. 22 and 23). At that time, the Court stated its intent to enter default judgment against Johnson at the end of the case. Johnson has additionally been directed to show cause by March 10, 2014, as to why monetary sanctions should not be imposed against him.

      While the Court initially intended to enter default judgment against Johnson at the end of the case, Johnson's repeated abuse of judicial resources,

namely, his use of clerk-issued subpoenas as a bad-faith means to unduly harass, requires this Court to enter default judgment at this time against Johnson. Johnson's claim is frivolous, false, and fraudulent. His use of the numerous outstanding clerk-issued subpoenas is in violation of FEDERAL RULE OF CIVIL PROCEDURE 45. He is not a proper party to this action and is abusing the Court's subpoena power. On this basis, the Court expressly determines that there is no just reason to delay entry of default judgment solely against Johnson. *See* Fed. R. Civ. P. 54(b). Thus, the Clerk is instructed to enter final judgment against Lennil L. Johnson.

While final judgment shall be entered against Johnson instanter, the Court reminds Johnson that the issue of sanctions is still outstanding, as he has been directed to show cause by March 10, 2014, as to why sanctions should not be entered. Moreover, Johnson's harassing use of subpoenas in furtherance of his frivolous claim further bolsters this Court's inclination that monetary sanctions are in fact warranted.

On the basis of the above, the pending motions to quash subpoenas are **GRANTED** (Docs. 30 and 32). A response from Johnson to the government's motion to quash subpoena (Doc. 30) is no longer necessary and shall not be considered by the Court. Johnson is not a party to this action. All outstanding subpoenas issued to Lennil L. Johnson in relation to 13-cv-298-DRH-SCW are hereby **QUASHED**.

The remainder of the case shall proceed expeditiously. This matter is set for a settlement conference before Magistrate Judge Williams on March 18, 2014, at 9:00 a.m.

**IT IS SO ORDERED**.

Signed this 20th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.20 16:23:31 -06'00'

**Chief Judge**
**U.S. District Court**