## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**PLAINTIFF,**

      **v.**

**REAL PROPERTY LOCATED AT
20 KASSING DRIVE, FAIRVIEW
HEIGHTS, ST. CLAIR COUNTY,
ILLINOIS, AND ALL ATTACHMENTS,
IMPROVEMENTS, AND
APPURTENANCES THERETO,**

**DEFENDANT.**                   **Case No.   13-298-DRH-SCW**

### STIPULATED JUDGMENT AND DECREE FOR FORFEITURE

**Herndon, Chief Judge:**

A default having been entered as to all interested parties, except Thomas A. LeChien, in the above case on the 24th day of February, 2014, (Doc. 37) all in accordance with Rule 55 of the FEDERAL RULES OF CIVIL PROCEDURE, and counsel for plaintiff having requested judgment against the defaulted defendants and having filed a proper motion as to the requested relief, the Court finds as follows:

On the 22nd day of March, 2013, a Verified Complaint for Forfeiture against the defendant, more further described as:

Real property located at 20 Kassing Drive, Fairview Heights, St. Clair County, Illinois, and all attachments, improvements, and appurtenances, more fully described as follows:

That part of lot No. 113 of "Woodland Hills Parts of NE 1/4 NW 1/4 section 24 T. 2 N. R. 9W; 3rd P.M. St. Clair County, Illinois" being more particularly described as follows: commencing at an

1

iron pipe that marks the Northeast Corner of said Lot 113; thence Westerly along the North line of said Lot 113 a distance of 90.55 feet to a point; thence along a line deflecting 12 degrees 30 minutes to the right of the last described line a distance of 19.0 feet to an iron pin; thence continuing Westerly along the North line of said Lot 113 for distance of 58 feet to the point of beginning; thence continuing Westerly along the North line of said Lot 113 for a distance of 157.45 feet more or less to the Northeast corner of tract of land conveyed to Raymond S. Carr and Myrtle Jeaneet Carr, his wife, in joint tenancy by deed dated September 7, 1962, and recorded in Book 1806 Page 522; thence South along a line perpendicular to the last described line to a point on the South line of said Lot 113; thence Southeast along the Southeast line of said Lot 113 to the Southwest corner of tract of land conveyed to Kathleen I. Luna by Deed dated February 19, 1980 and recorded in Book 2511 Page 490, which point is 127.52 feet from the most Southerly corner of lot 113; thence North along the West line of said tract of land described in Book 2511 on Page 490, a distance of 149.51 feet; thence West along the South line of a tract of land conveyed to Claude C. Grisham, Lila M. Grishman, his wife Virginia E. Allen and Barry W. Kollme by Deed dated April 19, 1977 in Book 2418 Page 2357 a distance of 57.99 feet; thence North along the West line of said tract of land described in Book 2418 Page 2357 a distance of 189.00 feet to the point of beginning.

Permanent Index No. 02-24.0-205-076

was filed on behalf of the plaintiff, United States of America. The Complaint alleges that the real property was used, in any manner or part, to commit, or to facilitate the commission of, a violation of Subchapter 1 of Title 21 of the United States Code.

It appearing that process was fully issued in this action and returned according to law;

That notice of this action was also published on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning August 15, 2013; and that notice was also published in the Legal Reporter for three

consecutive weeks beginning August 14, 2013.

That all interested parties, except Thomas A. LeChien were defaulted on the 24th day of February, 2014, (Doc. 37); Lennil Johnson was defaulted on the 21st day of February, 2014 (Doc. 34);

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property, more further described as:

Real property located at 20 Kassing Drive, Fairview Heights, St. Clair County, Illinois, and all attachments, improvements, and appurtenances, more fully described as follows:

That part of lot No. 113 of "Woodland Hills Parts of NE 1/4 NW 1/4 section 24 T. 2 N. R. 9W; 3rd P.M. St. Clair County, Illinois" being more particularly described as follows: commencing at an iron pipe that marks the Northeast Corner of said Lot 113; thence Westerly along the North line of said Lot 113 a distance of 90.55 feet to a point; thence along a line deflecting 12 degrees 30 minutes to the right of the last described line a distance of 19.0 feet to an iron pin; thence continuing Westerly along the North line of said Lot 113 for distance of 58 feet to the point of beginning; thence continuing Westerly along the North line of said Lot 113 for a distance of 157.45 feet more or less to the Northeast corner of tract of land conveyed to Raymond S. Carr and Myrtle Jeaneet Carr, his wife, in joint tenancy by deed dated September 7, 1962, and recorded in Book 1806 Page 522; thence South along a line perpendicular to the last described line to a point on the South line of said Lot 113; thence Southeast along the Southeast line of said Lot 113 to the Southwest corner of tract of land conveyed to Kathleen I. Luna by Deed dated February 19, 1980 and recorded in Book 2511 Page 490, which point is 127.52 feet from the most Southerly corner of lot 113; thence North along the West line of said tract of land described in Book 2511 on Page 490, a distance of 149.51 feet; thence West along the South line of a tract of land conveyed to Claude C. Grisham, Lila M. Grishman, his wife Virginia E. Allen and Barry W. Kollme by Deed dated April 19, 1977 in Book 2418 Page 2357 a distance of 57.99 feet; thence North along the West line of said tract of land described in Book 2418 Page 2357 a distance of 189.00 feet to the point of beginning.

Permanent Index No. 02-24.0-205-076

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other party.   The defendant property shall be disposed of according to law by the United States Marshal.

The United States Marshal may, as an alternative, dispose of the real estate in any other legal fashion, including a disposal method which does not include a sale, as long as the lien of Thomas A. LeChien is protected to his satisfaction.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, the date that the property vested in the United States was no later than September 29, 2012, the date that law enforcement officers discovered the body of a female who had died of a heroin overdose on the property.   The Court finds that the property is therefore exempt from any real estate taxation from the date of September 29, 2012 until such date that the property is transferred from the United States to an owner who is not exempt from taxation.   The United States shall pay any taxes or tax liens accruing prior to September 29, 2012, and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after September 29, 2012, but prior to the date of this Judgment and Decree for Forfeiture.   For any taxes or tax liens paid by the United States, the payments shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject

matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of any proceeds.     This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect the taxes or enforce the tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing.   This Court further specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing.    The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the attorney for the taxing authorities.

**IT IS HEREBY ORDERED AND ADJUDGED** that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.

**IT IS SO ORDERED.**

**Signed this 17th day of March, 2014**

Digitally signed by
David R. Herndon
Date: 2014.03.17
11:37:49 -05'00'

**Chief Judge**
**United States District Court**

APPROVED BY:

*/s/ Thomas A. LeChien w/consent*
Thomas A. LeChien, Claimant