IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

      v.

REAL PROPERTY LOCATED AT
20 KASSING DRIVE, FAIRVIEW
HEIGHTS, ST. CLAIR COUNTY,
ILLINOIS, AND ALL ATTACHMENTS,
IMPROVEMENTS, AND
APPURTENANCES THERETO,

Defendant.                         No. 13-cv-298-DRH-SCW

### MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

    Before the Court is the issue of monetary sanctions against Lennil L. Johnson (Johnson). On February 10, 2014, the Court determined Johnson's claim to the Real Property at issue is untimely, frivolous, false, fraudulent, and in violation of 18 U.S.C. § 983(h) and Federal Rule of Civil Procedure 11(b) (Doc. 27). The Court directed Johnson to show cause on or before March 10, 2014, as to why this Court should not enter monetary sanctions against him.

    Thereafter, Johnson continued his abuse of the judicial process by attempting to use clerk-issued subpoenas to unduly harass individuals allegedly connected to his frivolous claim. The Court initially intended to enter default judgment against Johnson as the end of the case. However, because Johnson continued to pursue his claims after the Court had deemed them frivolous, the

Court entered final judgment against him on February 21, 2014 (Doc. 34). The Seventh Circuit recently dismissed Johnson's appeal of that judgment for failure to timely pay the required docketing fee (Doc. 51).

Thus, all that remains is the issue of monetary sanctions. In response to the Court's show cause order, Johnson reiterates his baseless claims of "judicial corruption," and many other assertions which are illegible (Doc. 39).[1] Reiteration of Johnson's baseless claims does not demonstrate that sanctions are not warranted. Johnson's repetitive filings have no basis in fact or law and were clearly presented to harass, cause unnecessary delay, and needlessly increase the costs of an otherwise straightforward civil forfeiture action.

The Court must now reiterate the following: the state court judgment entered against Johnson in 2006 declared the quitclaim deed null and void and of no effect for lack of consideration (Doc. 18-5). Johnson did not appeal that judgment. Thus, Johnson has known since 2006 that he does not have a valid interest in the Property. His unsubstantiated claims of "judicial corruption" do not validate his claim. He has used these proceedings as an excuse to inundate the Court with false and frivolous allegations, notably without ever having to pay a filing fee. He continued to pursue these frivolous claims after the Court struck his pleadings and alternatively denied his various requests. For all of the reasons stated above, in addition to reasons stated in the Court's Order striking Johnson's

---

[1] While filed as a motion, the Court notes it construes this document as Johnson's response to the show cause order; not a motion.

frivolous claim (Doc. 27) and directing the Clerk to enter final judgment against him (Doc. 33), monetary sanctions are warranted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11 and 18 U.S.C. § 983(h).

As for the amount, sanctions imposed under Rule 11, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Further, 18 U.S.C. § 983(h) provides,

> (1) In any civil forfeiture proceeding under a civil forfeiture statute in which the Government prevails, if the court finds that the claimant's assertion of an interest in the property was frivolous, the court may impose a civil fine on the claimant of an amount equal to 10 percent of the value of the forfeited property, but in no event shall the fine be less than $250 or greater than $5,000.
>
> (2) Any civil fine imposed under this subsection shall not preclude the court from imposing sanctions under rule 11 of the Federal Rules of Civil Procedure.
>
> (3) In addition to the limitations of section 1915 of title 28, United States Code, in no event shall a prisoner file a claim under a civil forfeiture statute or appeal a judgment in a civil action or proceeding based on a civil forfeiture statute if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous or malicious, unless the prisoner shows extraordinary and exceptional circumstances.

Relevantly, District Judge Reagan recently dismissed with prejudice a *pro se* civil rights action brought by Johnson arising from the frivolous allegations he attempted to pursue herein. *See Johnson v. Dauber, et al.*, 14-cv-83, 2014 WL 813045 (S.D. Ill. Mar. 3, 2014) (Reagan, J.). Judge Reagan denied Johnson's request for *in forma pauperis* status as he has more than three "strikes" and had

not shown he was under imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915(g), and further dismissed his claims as frivolous, malicious, and for failing to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A. Judge Reagan also summarized Johnson's substantial litigation history in both this District and the Central District of Illinois. Most notably, since 2000, Johnson has brought at least eight cases in this District which were dismissed either because Johnson failed to show he was in imminent danger of serious physical injury or they lacked merit. Thus, Johnson has incurred an obligation to pay $2,418.76 in unpaid filing fees to this District Court. *See id.*

In this case, Johnson's repetitive and voluminous filings have caused the government, claimant LeChien, and of course the Court, to expend a considerable amount of resources to dispose of Johnson's patently frivolous claims. On the basis of all of the above, the Court finds a monetary sanction and/or civil fine of $1,000.00, payable to the Clerk of the Court instanter, is sufficient to comply with the purposes of Rule 11 and 18 U.S.C. § 983(h)(1).

The Court notes that Judge Reagan's Order cited above requires Johnson to pay the full $2,418.76 owed in outstanding fees to the Clerk of the Court on or before April 7, 2014, or show cause as to why Johnson should not be restricted from filing any further actions in this District until such time as he pays the outstanding fees. *See Support Sys. Int'l., Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton,* 209 F.2d 2000); *Sloan v.*

*Lesza,* 181 F.3d 857, 859 (7th Cir. 1999).  The undersigned is in agreement with Judge Reagan's stated course of action and only notes that Johnson now owes this District Court $3,418.76, in total.

**IT IS SO ORDERED**.

Signed this 1st day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.01 16:05:46 -05'00'

**Chief Judge**
**U.S. District Court**